1
2
3
4                        UNITED STATES DISTRICT COURT
5                             DISTRICT OF NEVADA
6                                    * * *
7    UNITED STATES OF AMERICA,                    Case No. 2:15-CR-212 JCM (NJK)
8                              Plaintiff(s),              ORDER
9         v.
10   CHARLES PARKIN,
11                            Defendant(s).
12

13        Presently before the court is Magistrate Judge Koppe's report and recommendation
14   ("R&R") finding Charles Parkin ("defendant") competent to stand trial.   (ECF No. 105).
15   Defendant objected to the R&R (ECF No. 106), to which the United States of America ("the
16   government") responded (ECF No. 107).

17   **I.     Background**

18        Defendant has been indicted on two counts of theft of government funds and one count of
19   Social Security fraud.  (ECF No. 1).  Defendant made his initial appearance, was arraigned, and
20   entered his plea of not guilty on July 31, 2015.  (ECF No. 6).  At that hearing, defendant was
21   appointed counsel and released on a personal recognizance bond with conditions.  *Id.*  On
22   January 17, 2019, defendant filed a motion for competency hearing and included a letter from his
23   expert witness, Dr. Norma Roitman.  (ECF Nos. 60; 61).  The court granted defendant's motion
24   and set a competency hearing, which was continued several times.  (ECF Nos. 62; 63; 64; 68; 70;
25   73; 74; 79; 80; 83; 84; 85; 86).
26        On January 30, 2020, the parties and their experts appeared before the court for the
27   competency hearing, and the court ordered supplemental briefing.  (ECF No. 96).  The parties
28

**James C. Mahan**
**U.S. District Judge**

1   filed their supplemental briefs (ECF Nos. 100; 101), and Judge Koppe issued her R&R thereafter

2   (ECF No. 105).  The court now considers defendant's objection.  (ECF No. 106).

3   **II.      Legal Standard**

4        A party may file specific written objections to the findings and recommendations of a

5   United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B);

6   LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the

7   court is required to "make a *de novo* determination of those portions of the [report and

8   recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept,

9   reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

10  *Id*.

11       Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of

12  a magistrate judge within fourteen (14) days from the date of service of the findings and

13  recommendations.  Similarly, Local Rule 7-2 provides that a party must file an opposition to a

14  motion within fourteen (14) days after service thereof.

15  **III.     Discussion**

16       Here, defendant objects to Judge Koppe's finding of competency on four grounds.  (ECF

17  No. 106).  Defendant contends that he was—and is—unable to articulate a cognizable legal

18  defense.  *Id*. at 8–13.  Defendant then urges that Judge Koppe wrongly found that Dr. Roitman's

19  testimony was contradictory.  *Id*. at 14–16.  Next, defendant argues Dr. Roitman "approach[ing]

20  the second evaluation with more vigor" was proper and done "in a scientifically acceptable

21  manner."  *Id*. at 16–18.  Finally, defendant disputes the court's observations of him during the

22  competency hearing as incomplete and improper.  *Id*. at 18–19.

23       *1.   Defendant's ability to articulate a cognizable legal defense*

24       "It has long been accepted that a person whose mental condition is such that he lacks the

25  capacity to understand the nature and object of the proceedings against him, to consult with

26  counsel, and to assist in preparing his defense may not be subjected to a trial."  *Drope v.*

27  *Missouri*, 420 U.S. 162, 171 (1975).  A defendant is deemed competent to stand trial if he "[1]

28  has sufficient present ability to consult with his lawyer with a reasonable degree of rational

**James C. Mahan**
**U.S. District Judge**

1  understanding and . . . [2] has a rational as well as factual understanding of the proceedings

2  against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation

3  marks omitted); *see also Indiana v. Edwards*, 554 U.S. 164, 174 (2008).

4        The Ninth Circuit has clarified that "[w]hether a defendant is capable of understanding

5  the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational

6  behavior, his demeanor in court, and any prior medical opinions on his competence.  None of

7  these factors is determinative."  *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997) (citing

8  *Drope*, 420 U.S. at 180).   In sum, the court must "take realistic account of the particular

9  defendant's mental capacities" when determining whether he is competent.  *Edwards*, 554 U.S.

10  at 177.  As Judge Koppe noted, it is the government that bears "the burden of demonstrating by a

11  preponderance of the evidence that the defendant is competent to stand trial."  (ECF No. 105 at 3

12  (citing *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991)).

13        "The parties agree that the only factor of the *Dusky* test at issue is whether [d]efendant is

14  competent to assist counsel."  *Id.* at 4 (citing ECF No.  99 at 28–29, 50).  Defendant also notes

15  that both expert witnesses agree this is the only prong at issue.  (ECF No. 106 at 8).

16        Defendant argues that he is not competent to stand trial because "[a] review of the [expert

17  witnesses'] evaluations and record show that [he] is unable to articulate a cognizable legal

18  defense."  (ECF No. 106 at 8).  In support of this argument, defendant claims that "a review of

19  [Dr. Collins's] evaluation shows [defendant's] indecisiveness and uncertainty about his case.

20  Additionally, it shows [his] focusing on how unfair this prosecution is rather than his

21  understanding of or attempts to form a legal strategy."  *Id.* at 11.

22        Defendant has major depressive disorder, which Dr. Collins indicated was "well

23  managed" and did not affect his competency to stand trial.  (ECF No. 105 at 5 (citing ECF No.

24  99 at 25)).   Dr. Roitman acknowledged that defendant's major depressive disorder did not

25  impinge on his competency.  (ECF No. 99 at 100).   However, Dr. Roitman "diagnosed

26  [defendant] with 'specific (isolated) phobia with panic,'" (ECF No. 106 at 5 (quoting ECF No.

27  94 at 8; 99 at 72–73)), specifically a "fear of prosecution," (ECF No. 99 at 72).  Dr. Roitman also

28  indicated that defendant has post-traumatic stress disorder ("PTSD"), which causes panic attacks.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   (ECF No. 99 at 73).  Dr. Collins noted that there was no PTSD diagnosis in defendant's medical

2   records; instead, the first mention of PTSD she encountered was Dr. Roitman's competency

3   report.  (ECF No. 99 at 38).  It appears that defendant's reported PTSD has been caused by the

4   stress of the instant criminal proceeding.  (ECF No. 61 at 5).

5          Both experts indicated that defendant's major depressive disorder does not affect his

6   competency, and the court finds no reason to believe otherwise.  Thus, the court is left to

7   consider whether defendant's purported PTSD and prosecution phobia render him incompetent.

8          The court finds that "indecisiveness and uncertainty" are not indicative of an inability to

9   assist trial counsel.  Indeed, this indecisiveness and uncertainty are ameliorated by providing

10  competent counsel to help defendant navigate the legal system.  Defendant's belief that the

11  government prosecuting him is unfair does not render him unable to help his counsel either.  As

12  Judge Koppe aptly noted, "many criminal defendants feel the same way."  (ECF No. 105 at 10).

13         The facts before the court indicate that defendant is competent to stand trial.  Although

14  defendant reportedly becomes despondent when discussing his case and appears to fixate on

15  what he perceives to be the unfairness of it (ECF No. 106 at 11, 14–15), he was able to gather

16  and organize his medical records, highlight relevant portions thereof, explain his discussions

17  with the government regarding his Social Security payments, talk about his case, generally

18  theorize about a defense, and has an excellent memory (ECF Nos. 99 at 10, 14, 18; 107 at 6).

19  "Even Dr. Roitman agreed that a defendant's ability to provide this type of information is

20  relevant to [the] question of his ability to assist his counsel."  (ECF No. 107 at 6 (citing ECF No.

21  99 at 93–94)).

22         Accordingly, the court finds that defendant has is capable of articulating a cognizable

23  legal defense such that he may assist his defense counsel.  Thus, the court finds defendant

24  competent, and his objection on this point is unavailing.

25         *2.  Judge Koppe's findings regarding Dr. Roitman and the defendant's demeanor*

26         The court need not reach defendant's argument pertaining to Judge Koppe's credibility

27  determinations regarding Dr. Roitman and the defendant's demeanor in court because the

28  evidence the court reviewed *de novo* supports a finding of competence.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   However, the court notes that Judge Koppe, having presided over the two-and-a-half-

2   hour competency hearing, was in the best position to judge Dr. Roitman's credibility. *Accord*

3   *Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 414 (9th Cir. 1978) ("The original trier of fact

4   is also in the best position to . . . draw conclusions regarding the credibility of the witnesses.").

5   Similarly, the Ninth Circuit has expressly provided that the district court may properly consider

6   the defendant's demeanor in court when determining his competency. *See, e.g., Miles*, 108 F.3d

7   at 1112.

8   Further, the court finds Judge Koppe's determination reasonable because Dr. Roitman,

9   defendant's expert, examined defendant twice and openly admitted that he approached the

10   second evaluation "with more vigor because there was a presence of a[n] expert report and the

11   arguments needed to be made." (ECF No. 105 at 10).  Although defendant claims that his is the

12   scientific method at work (ECF No. 106 at 16–18), this argument is undermined by the

13   inconsistencies in Dr. Roitman's testimony and report, which Judge Koppe noted in her R&R

14   (ECF No. 105 at 10), that further weighed against his credibility.  Finally, Judge Koppe did not

15   preclude Dr. Roitman's testimony or disregard it entirely; she simply "place[d] more weight on

16   Dr. Collins'[s] findings than on those made by Dr. Roitman." *Id.*

17   Finally, Judge Koppe properly considered the demeanor of the defendant in court.  While

18   defendant has represented that not all of the communications Judge Koppe witnessed were

19   related to his defense (ECF No. 106 at 18–19), he was still engaged in the proceeding, attentive,

20   and nondisruptive (ECF No. 105 at 10).  Defendant urges that he felt ill and, "at one point during

21   the hearing, . . . began to cry and his hands and feet trembled." (ECF No. 106 at 18).  To be sure,

22   standing trial is not a pleasant experience.  And defendant is more than entitled to feel stress,

23   fear, or worry in the face of impending criminal charges.  However, this does not mean that he is

24   incompetent, particularly in light of his apparent ability to assist his counsel with his defense.

25   The court, having reviewed the evidence, agrees with Judge Koppe.  The defendant is

26   competent to stand trial and shall be required to do so.

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    **IV.**    **Conclusion**

2       Accordingly,

3       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's objection

4 (ECF No. 106) be, and the same hereby is, DENIED.

5       IT IS FURTHER ORDERED that Judge Koppe's R&R (ECF No. 105) be, and the same

6 hereby is, ADOPTED.

7       IT IS FURTHER ORDERED that defendant Charles Parkin shall be required to stand

8 trial based on the court's finding that he is competent to do so.

9       DATED May 8, 2020.

10

11                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**